STATE OF MAINE                                    BUSINESS AND CONSUMER COURT

Cumberland, ss                                    Location: Portland

KENNETH THOMAS                    )
                                  )
            Plaintiff             )
                                  )
v.                                )               Docket No. BCD-RE-16-12 ✓
                                  )
ALEX FEDDERSEN and 481, LLC       )
                                  )
            Defendants            )

## ORDER ON PENDING MOTIONS

Defendants Alex Feddersen and 481, LLC have filed a Motion for Judgment on the Pleadings and a Motion to Allow Sale, both of which Plaintiff Kenneth Thomas has opposed. Oral argument was held July 5, 2016.

This case involves a dispute between Mr. Thomas and Mr. Feddersen about property at 481 Danforth Street, Portland, Maine. Defendant 481, LLC, a limited liability company, is the record owner of the property. Mr. Thomas's complaint alleges that, while he and Mr. Feddersen were business partners and in a committed relationship, they formed 481 LLC to take title to the Danforth Street property. Mr. Thomas's complaint alleges that he contributed substantial "human capital", i.e., his time and skill in refitting and upgrading the property, while Mr. Feddersen provided the funds necessary for the project. The six-count Complaint seeks recovery under various theories of liability, including recovery under alternate theories of partnership dissolution and constructive trust and under the mechanic's lien statute, *see* 10 M.R.S. § 3251 *et seq*. The Complaint asks for the property to be sold, among other claims for relief.

1

Defendants deny most, if not all, of the Plaintiff's allegations. They deny that Mr. Thomas has any partnership interest in the property, and note that Defendant Feddersen is the sole member of 481, LLC, which owns the property.

The Defendants' Motion for Judgment on the Pleadings takes the position that the Plaintiff cannot simultaneously claim to be a lienor under the mechanic's lien statute and also a partner in the Danforth Street property. They assert that Plaintiff has made a binding election of the mechanic's lien remedy by recording his sworn statement that he furnished labor to the property under a contract with 481, LLC.

There is clear authority that the assertion of a mechanic's lien upon property is incompatible with an assertion of an ownership interest in the property. *See. e.g., Carey v. Cyr*, 150 Me. 405, 113 A.2d 614, 616 (1955) (plaintiff who obtained judgment on its mechanic's lien claim cannot later sue to recover the same property on a theory of trover). However, a binding election does not occur until one remedy is pursued to the point of judgment:

> Under the election of remedies doctrine, one cannot simultaneously utilize two inconsistent and repugnant positions to seek redress. The doctrine applies, however, only after a plaintiff has obtained a viable judgment on one of the claims.

*Saucier v. State Tax Assessor*, 2000 ME 8, ¶ 8, 745 A.2d 972, 975, *citing Brickyard Assocs. v. Auburn Venture Partners*, 626 A.2d 930, 93 (Me. 1993) (internal ellipsis and citations omitted). *See also Murray v. Augusta*, 394 A.2d 1171, 1171 (Me. 1978) ("The doctrine of election of remedies is not applicable in any event to the situation illustrated by the facts of this case. Minimally, an election cannot be said to have occurred until the chosen remedy has been pursued to a viable judgment.")

Therefore, assuming that Plaintiff Thomas's partnership claim is flatly inconsistent with his mechanic's lien claim, meaning that he cannot obtain judgment on both theories of liability, he may nonetheless plead alternate theories of liability prior to judgment, and claim a mechanic's lien in case his partnership claim fails. Thus, Defendants' Motion for Judgment on the Pleadings must be denied.

2

Defendants' Motion to Allow Sale seeks an order permitting the Defendants to sell the Danforth Street property, on condition that they escrow a portion of the sale proceeds sufficient to satisfy Plaintiff's lien claim. They assert Plaintiff is using the property to run an unlawful short-term rental business. They argue that, because Mr. Feddersen is the sole member of 481, LLC, the sole owner of the property, Plaintiff has no right to occupy or use it.

Despite the fact that his Complaint also seeks to sell the property, Plaintiff objects to an order of sale, in part because he may seek to amend his Complaint to assert a claim of specific performance, i.e. to enforce a promise by one or both Defendants to allow him to buy the property. Under the current scheduling order, Plaintiff has until August 10, 2016 by which to file a motion to amend the Complaint to include a specific performance claim. The court agrees with Plaintiff that, were a specific performance claim asserted, it likely would preclude sale of the property to a third party at least until the claim of specific performance had been adjudicated. It is also possible, as Defendants point out in their reply memorandum, that, depending on what Plaintiff says the terms of the promise to sell were, the Defendants may agree that the property can be sold to the Plaintiff rather than to a third party.

For these reasons, the court deems it premature to order any sale of the property, although the question may be ripe for resolution soon.

Accordingly, Defendants' Motion to Allow Sale must be denied, although the denial is without prejudice to re-assertion of the Motion once the deadline for amendment of pleadings has passed. Also, nothing in this Order should be deemed to address whether 481, LLC, as the sole owner of record of the property, is presently entitled to relief short of an actual sale, such as the right to exclusive possession and occupancy of the property while this action is pending.

IT IS ORDERED:

1. Defendants' Motion for Judgment on the Pleadings is denied.

3

2. Defendants' Motion to Allow Sale is denied without prejudice.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Dated July 7, 2016

_____
A. M. Horton
Justice, Business and Consumer Court